## The State v. Stoker.

1. New trial. Where all the evidence certified in a criminal case, when taken together, leads the mind to the conclusion that the verdict was a just response to the evidence, a new trial will not be granted.

*Appeal from Muscatine District Court.*

Tuesday, April 9.

The defendant was indicted, tried and convicted of the crime of robbery. In bringing the case into this court, he complains that the court below erred in refusing him a new trial, on a motion made therefor, based upon the single ground that the verdict of the jury was against the weight of evidence.

*Henry O'Connor* for the appellant.

*F. E. Bissell,* Attorney-General, for the State.

Lowe, Ch. J.—A careful review of the testimony certified, fails to satisfy us that the verdict of the jury was 1. New trial. against a preponderance of the same.

In this case, the question of defendant's guilt turned upon his identification, personal presence, and participation in the crime.

In regard to these, without reciting the evidence, we cannot say (and be candid) that it does not, beyond a

reasonable doubt, identify the prisoner, and show him to have been one of the chief actors in the perpetration of the crime. It is true he proves by his mother, young sister, two younger brothers and three other young persons that, on the night of the commission of the alleged crime, namely, the 11th of February, 1866, and the night before, he was at his mother's house in Clark county, Missouri. But this evidence comes to us in a somewhat questionable shape.

First, the very near relationship in which four of them stand to the prisoner; second, the similarity of all their answers to the same questions, gives it the air of evidence prepared for the occasion; and, lastly, the failure to state any particular reliable fact or circumstance which enables them, after the lapse of some eight months, to remember that the defendant was in Clark county on the 10th and 11th of February rather than some other day of the month. In these respects, the witnesses for the prosecution stand in striking contrast. They are supposed to be free from the bias that family ties and relationship usually superinduce. They fix the time, by the happening of other independent events, the data of which have been preserved; they relate certain attending facts and circumstances that impart credence to, and confidence in, their statements, so that it is difficult to resist the conviction that the verdict in this case is a just response to the weight of evidence, and we are not inclined to disturb the same.

Affirmed.